JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JEFFREY R. FINIGAN (CASBN 168285)
Assistant U.S. Attorney

   450 Golden Gate Avenue
   San Francisco, California 94102
   Telephone: (415) 436-7232
   Facsimile: (415) 436-7234
   Email: jeffrey.finigan@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

3  08  70501

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. |
|    Plaintiff, | ) | |
| | ) | NOTICE OF PROCEEDINGS ON |
| v. | ) | OUT-OF-DISTRICT CRIMINAL |
| | ) | CHARGES PURSUANT TO RULES |
| HENRY ROBERT JEAN LEGER, | ) | 5(c)(2) AND (3) OF THE FEDERAL RULES |
| | ) | OF CRIMINAL PROCEDURE |
|    Defendant. | ) | |
| | ) | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on August 1, 2008, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon an

☒ Indictment

☐ Information

☐ Criminal Complaint

☐ Other (describe) _____

pending in the __Southern__ District of __Florida__, Case Number __02-20886__.

1

1     In that case, the defendant is charged with a violation(s) of Title(s) __18 & 20__ United
2 States Code, Section(s) __371, 1343 and 2; and 1097(a)__ . Description of Charges: __Pell Grant__
3 __Fraud and Wire Fraud and conspiracy to commit same__.

                                                               Respectfully Submitted,

                                                               JOSEPH P. RUSSONIELLO
                                                                UNITED STATES ATTORNEY

Date: __August 4, 2008__

                                                               JEFFREY R. FINIGAN
                                                              Assistant U.S. Attorney

AO 442 (Rev. 5/93) Warrant for Arrest                                    DOE/OI6702086

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

HENRY ROBERT JEAN LEGER

**WARRANT FOR ARREST**

02-20886 CR-LENARD

CASE NUMBER:

MAGISTRATE JUDGE
SIMONTON

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _HENRY ROBERT JEAN LEGER_
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

[X] Indictment  [ ] Information  [ ] Complaint  [ ] Order of court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with (brief description of offense)
Pell Grant Fraud and Wire Fraud, and conspiracy to commit same,

in violation of Title __18__ United States Code, Section(s) __371, 1343, and 2; and__
20 United States Code, Section 1097(a)

CLARENCE MADDOX                          COURT ADMINISTRATOR/CLERK OF COURT
Name of Issuing Officer                  Title of Issuing Officer

_Maedon Clark_                           10-24-02  Miami, Florida
Signature of Issuing Officer             Date and Location

                                         PETER R. PALERMO
Bail fixed at $ _100,000 psb_  by  _____
                                         Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

This form was electronically produced by Elite Federal Forms, Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### BOND RECOMMENDATION

DEFENDANT: __HENRY ROBERT JEAN LEGER__

__$100,000 Personal Surety Bond__
(Surety, Recognizance, Corp. Surety, Cash) (Jail)
CSB (No Bond) (Warrant) (Summons) (Marshal's Custody)

By: _[signature]_
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

Last Known Address: __7945 LaSalle Boulevard__

__Miramar, Florida 33023__

What Facility: _____

Agent(s): __S/A MORAIMA RYSKIND, Department of Education, Office of Inspector General__

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (CUSTOMS)   (__OTHER__)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**02-20886 CR-LENARD**

CASE NO: _____

18 U.S.C. §371
20 U.S.C. §1097(a)     MAGISTRATE JUDGE
18 U.S.C. §1343              SIMONTON
18 U.S.C. §2

**UNITED STATES OF AMERICA**

v.

**JAIME BAUDELINO HURTADO,
MARIA ESTHER MENA,
and
HENRY ROBERT JEAN LEGER,**

Defendants.
_____/



### INDICTMENT

The Grand Jury charges that:

#### GENERAL ALLEGATIONS

At all times material to this Indictment:

#### THE PELL GRANT PROGRAM

1. The United States Department of Education ("Department of Education") was a department and agency of the United States responsible for, among other things, the management, oversight and distribution of federal student financial aid funds.

2. The Pell Grant Program ("Pell" or "Pell Grant Program") is a federally funded educational financial aid program administered by the Department of Education under Title IV of the Higher Education Act of 1965 ("Title IV"). The purpose of the Pell Grant Program is to provide financial aid to low-income students enrolled in eligible institutions of higher education. Student eligibility for a Pell grant is determined in part by an analysis of the financial condition of the student, the student's family (if the student is a dependent), and the student's spouse (if married).

Educational institutions participating in the Pell Grant Program receive and disburse grant funds on behalf of eligible students.

3. The Miami Technical Institute ("Miami Technical"), located at 14701 N.W. 7th Avenue, Miami, Florida, was a private vocational school that offered post-secondary education, including several non-degree programs in health care and business. Miami Technical was approved by the Department of Education to participate in the Pell Grant Program.

4. To apply for a Pell grant, a student at Miami Technical was required to complete and sign a Free Application for Federal Student Aid ("FAFSA"), which contained specific information about the student's financial condition, including, among other things, the current marital status of the student and the student's parents (if the student is a dependent), the student's family size, the income tax filing status of the student and the student's parents for the relevant tax year, and the income earned by the student, the student's spouse (if married) and the student's parents (hereafter collectively referred to as the "student financial information").

5. The FAFSA, once completed by the student, was transmitted via wire communication utilizing a computer modem by an employee at Miami Technical's Financial Aid Office to an independent contractor in Fort Lauderdale, Florida, known as Financial Aid Management for Education ("FAME"), which forwarded the information via interstate wires utilizing a computer modem to the Department of Education's Central Processor ("Central Processor"), located in Iowa City, Iowa.

6. The Central Processor used the information on the FAFSA to create an Institutional Student Information Record ("ISIR") for each student applicant. The Central Processor then returned the ISIR via interstate wires utilizing a computer modem to FAME, which then forwarded the ISIR via modem to Miami Technical for verification and signature by the student. The Central Processor also mailed a Student Aid Report Information Acknowledgment ("SAR") directly to the student via the United States mail. The ISIR and SAR included a printout of the information reported on the FAFSA.

7.     After determining the amount of Pell funds the student was eligible to receive, Miami Technical credited the student's account with the appropriate amount of Pell funds. Miami Technical then forwarded to FAME all documents required to process Pell disbursements. FAME then packaged and mailed to the Department of Education the supporting documentation required for the school to be reimbursed for each student, specifically listing the students for which it sought reimbursement of Pell funds, confirming the students' actual attendance and their eligibility to receive Pell funds, and the actual amount of Pell funds the students had received.

8.     Upon the Department of Education's review and approval of the supporting documentation, the Department of Education wire transferred the Pell funds to a designated account maintained by Miami Technical for the receipt of federal funds. These funds were then transferred to Miami Technical's operating account and used to pay for the student's tuition and other fees.

## THE DEFENDANTS

9.     Defendant **JAIME BAUDELINO HURTADO** was employed as an Admissions Representative at Miami Technical from at least in or around August 1994 through December 2000. As an Admissions Representative, defendant **JAIME BAUDELINO HURTADO** enrolled and recruited students to attend Miami Technical. Defendant **JAIME BAUDELINO HURTADO** directed students at Miami Technical who sought to participate in the Pell Grant Program to provide false financial information to Miami Technical for submission to the Department of Education.

10.    Defendant **MARIA ESTHER MENA** was employed as an Admissions Representative at Miami Technical from at least in or around July 1994 through December 2000. As an Admissions Representative, defendant **MARIA ESTHER MENA** enrolled and recruited students to attend Miami Technical. Defendant **MARIA ESTHER MENA** directed students at Miami Technical who sought to participate in the Pell Grant Program to provide false financial information to Miami Technical for submission to the Department of Education.

11.    Defendant **HENRY ROBERT JEAN LEGER** was employed as an Admissions Representative at Miami Technical from at least in or around September 1996 through mid-1999.

As an Admissions Representative, defendant **HENRY ROBERT JEAN LEGER** enrolled and recruited students to attend Miami Technical. Defendant **HENRY ROBERT JEAN LEGER** directed students at Miami Technical who sought to participate in the Pell Grant Program to provide false financial information to Miami Technical for submission to the Department of Education.

### COUNT 1
### (Conspiracy)

12. The allegations of Paragraphs 1 through 11 of the General Allegations Section are realleged and incorporated as if fully set forth herein.

13. From in or around July 1994, and continuing through in or around December 2000, at Miami, Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JAIME BAUDELINO HURTADO,
MARIA ESTHER MENA,
and
HENRY ROBERT JEAN LEGER,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others, known and unknown to the Grand Jury, to commit the following offenses against the United States:

(a) to violate Title 20, United States Code, Section 1097(a), by obtaining by fraud and false statements, funds, assets, and property provided under Subchapter IV of Chapter 28 of Title 20, United States Code, that is, Pell Grant funds; and

(b) to violate Title 18, United States Code, Section 1343, by knowingly and willfully devising a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and transmitting writings, signs, signals, pictures, and sounds by means of wire communication affecting interstate commerce.

## PURPOSE AND OBJECT OF THE CONSPIRACY

14. It was the purpose and object of the conspiracy for the defendants to enrich themselves through bonuses and/or commissions, which were based on the number of students they had recruited and qualified for the Pell Grant Program.

## MANNER AND MEANS

15. It was a part of the conspiracy for defendants **JAIME BAUDELINO HURTADO, MARIA ESTHER MENA,** and **HENRY ROBERT JEAN LEGER** to meet with students and advise them that Pell Grant funds were available to low-income individuals to help pay for a portion of their tuition.

16. It was a part of the conspiracy for defendants **JAIME BAUDELINO HURTADO, MARIA ESTHER MENA,** and **HENRY ROBERT JEAN LEGER** to assist and encourage numerous students at Miami Technical, who did not qualify to receive Pell Grant funds, to provide false student financial information on the FAFSA. Defendants **JAIME BAUDELINO HURTADO, MARIA ESTHER MENA,** and **HENRY ROBERT JEAN LEGER** would at times encourage students to declare that their parents had not filed a federal income tax return for the relevant tax year; or that the student, the student's spouse and/or the student's parents had little or no income for the relevant tax year; or that the student was independent from, and received no support from, his/her parents.

17. It was a part of the conspiracy for defendants **JAIME BAUDELINO HURTADO, MARIA ESTHER MENA,** and **HENRY ROBERT JEAN LEGER** to instruct students to submit false financial information to Miami Technical's Financial Aid Officer, who would assist students in completing the FAFSA and include the false financial information provided by the students. 1

18. It was a further part of the conspiracy for defendants **JAIME BAUDELINO HURTADO, MARIA ESTHER MENA,** and **HENRY ROBERT JEAN LEGER** to receive a bonus or commission based on the number of students they had recruited and qualified for the Pell Grant Program.

19. Through the aforementioned conduct, defendant **JAIME BAUDELINO HURTADO** caused approximately $72,617.00 of Pell Grant funds to be disbursed from September 1994 to November 2000 to students who submitted false financial information on their FAFSAs.

20. Through the aforementioned conduct, defendant **MARIA ESTHER MENA** caused approximately $45,590.00 of Pell Grant funds to be disbursed from July 1994 to March 2000 to students who submitted false financial information on their FAFSAs.

21. Through the aforementioned conduct, defendant **HENRY ROBERT JEAN LEGER** caused approximately $46,175.00 of Pell Grant funds to be disbursed from September 1996 to March 2000 to students who submitted false financial information on their FAFSAs.

## OVERT ACTS

22. In furtherance of the conspiracy and to effect the objects thereof, at least one of the co-conspirators committed or caused to be committed in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

A. On or about May 23, 1997, defendant **JAIME BAUDELINO HURTADO** advised student R.M. to write a letter falsely stating that she lived alone and was self-sufficient.

B. On or about June 13, 1997, defendant **MARIA ESTHER MENA** advised student S.M. to understate her income for 1996 on the FAFSA.

C. On or about August 25, 1997, defendant **MARIA ESTHER MENA** advised student N.F. to understate her income for 1996 on the FAFSA.

D. On or about September 25, 1997, defendant **HENRY ROBERT JEAN LEGER** caused student S.S. to sign a FAFSA that falsely stated that she did not file an income tax return for 1996 and understated her income for that year.

E. On or about December 4, 1997, defendants **MARIA ESTHER MENA** and **HENRY ROBERT JEAN LEGER** jointly advised student M.B. to lie about her marital status and to understate her 1996 income on the FAFSA.

F. On or about January 8, 1998, defendant **HENRY ROBERT JEAN LEGER** advised student K.U. to write a letter falsely stating that she did not file an income tax return for 1996 and that she did not know the whereabouts of her parents.

G. On or about September 21, 1998, defendant **JAIME BAUDELINO HURTADO** advised student P.M. to falsely claim on the FAFSA that she did not file an income tax return for 1997 and to understate her income.

H. On or about October 27, 1997, defendant **MARIA ESTHER MENA** caused the Department of Education to pay approximately $1,350 in Pell Grant funds to Miami Technical on behalf of student N.F.

I. On or about November 20, 1997, defendant **HENRY ROBERT JEAN LEGER** caused the Department of Education to pay approximately $1,350 in Pell Grant funds to Miami Technical on behalf of student S.S.

J. On or about December 19, 1997, defendant **JAIME BAUDELINO HURTADO** caused the Department of Education to pay approximately $1,350 in Pell Grant funds to Miami Technical on behalf of student R.M.

K. On or about March 11, 1998, defendants **MARIA ESTHER MENA** and **HENRY ROBERT JEAN LEGER** caused the Department of Education to pay approximately $1,350 in Pell Grant funds to Miami Technical on behalf of student M.B.

L. On or about March 11, 1998, defendant **HENRY ROBERT JEAN LEGER** caused the Department of Education to pay approximately $1,350 in Pell Grant funds to Miami Technical on behalf of student K.U.

M. On or about November 17, 1998, defendant **JAIME BAUDELINO HURTADO** caused the Department of Education to pay approximately $1,500.00 in Pell Grant funds to Miami Technical on behalf of student P.M.

N. On or about November 10, 1997, defendant **JAIME BAUDELINO HURTADO** caused an ISIR to be transmitted by means of wire communication from Iowa City, Iowa, to Fort Lauderdale, Florida, on behalf of student R.M.

O. On or about December 11, 1997, defendants **MARIA ESTHER MENA** and **HENRY ROBERT JEAN LEGER** caused an ISIR to be transmitted by means of wire communication from Iowa City, Iowa, to Fort Lauderdale, Florida, on behalf of student M.B.

P. On or about January 16, 1998, defendant **HENRY ROBERT JEAN LEGER** caused an ISIR to be transmitted by means of wire communication from Iowa City, Iowa, to Fort Lauderdale, Florida, on behalf of student K.U.

Q. On or about October 5, 1998, defendant **JAIME BAUDELINO HURTADO** caused an ISIR to be transmitted by means of wire communication from Iowa City, Iowa, to Fort Lauderdale, Florida, on behalf of student P.M.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2-7
### (Pell Grant Fraud)

1. The allegations of Paragraphs 1 through 11 of the General Allegations Section of Count 1 are realleged and incorporated as if fully set forth herein.

2. On or about the dates listed as to each count below, at Miami, Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JAIME BAUDELINO HURTADO,
MARIA ESTHER MENA,
and
HENRY ROBERT JEAN LEGER,**

did knowingly and willfully obtain by fraud and false statement, funds, assets, and property provided under Subchapter IV of Chapter 28 of Title 20, United States Code, namely Pell Grant funds, as set forth below:

| COUNT | DEFENDANT | APPROXIMATE DATE | AMOUNT RECEIVED | STUDENT |
|---|---|---|---|---|
| 2 | MARIA ESTHER MENA | 10/27/97 | $1,350 | N.F. |
| 3 | HENRY ROBERT JEAN LEGER | 11/20/97 | $1,350 | S.S. |
| 4 | JAIME BAUDELINO HURTADO | 12/19/97 | $1,350 | R.M. |
| 5 | MARIA ESHER MENA and HENRY ROBERT JEAN LEGER | 3/11/98 | $1,350 | M.B. |
| 6 | HENRY ROBERT JEAN LEGER | 3/11/98 | $1,350 | K.U. |
| 7 | JAIME BAUDELINO HURTADO | 11/17/98 | $1,500 | P.M. |

All in violation of Title 20, United States Code, Section 1097(a), and Title 18, United States Code, Section 2.

### COUNTS 8-11
### (Wire Fraud)

1.  The allegations of Paragraphs 1 through 11 of the General Allegations Section of Count 1 are realleged and incorporated as if fully set forth herein.

2.  On or about the dates listed as to each count below, at Miami, Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JAIME BAUDELINO HURTADO,
MARIA ESTHER MENA,
and
HENRY ROBERT JEAN LEGER,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money, that is, Pell Grant funds, by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false and fraudulent when made.

### SCHEME AND ARTIFICE TO DEFRAUD

3.  It was part of the scheme and artifice to defraud for the defendants to obtain Pell Grant funds for students enrolled at Miami Technical through the submission of false student financial information and documents to the Department of Education.

-9-

## USE OF WIRE COMMUNICATIONS

4. On or about the dates listed below as to each count, for the purpose of executing said scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, the defendants,

**JAIME BAUDELINO HURTADO,
MARIA ESTHER MENA,
and
HENRY ROBERT JEAN LEGER,**

transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, as set forth below:

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
| --- | --- | --- |
| 8 | 11/10/97 | Computer transmission of ISIR via modem from Iowa City, Iowa, to Fort Lauderdale, Florida, on behalf of student R.M. |
| 9 | 12/11/97 | Computer transmission of ISIR via modem from Iowa City, Iowa, to Fort Lauderdale, Florida, on behalf of student M.B. |
| 10 | 1/16/98 | Computer transmission of ISIR via modem from Iowa City, Iowa, to Fort Lauderdale, Florida, on behalf of student K.U. |
| 11 | 10/5/98 | Computer transmission of ISIR via modem from Iowa City, Iowa, to Fort Lauderdale, Florida, on behalf of student P.M. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

*Robert P. Soper*
FOREPERSON

*Thomas J Mulhill for*
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 02-20886      CR - LENARD

UNITED STATES OF AMERICA

v.

JAIME BAUDELINO HURTADO,
MARIA ESTHER MENA
and
HENRY ROBERT JEAN LEGER

**CERTIFICATE OF TRIAL ATTORNEY***

MAGISTRATE JUDGE
SIMONTON

**Superseding Case Information:**

New Defendant(s)     Yes ___  No ___
Number of New Defendants  ___
Total number of counts  ___

**Court Division:** (Select One)

_X_ Miami       ___ Key West
___ FTL         ___ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:       (Yes or No) __Yes__
   List language and/or dialect     __Spanish__

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                (Check only one)

   I    0 to 5 days      _X_         Petty       ___
   II   6 to 10 days     ___         Minor       ___
   III  11 to 20 days    ___         Misdem.     ___
   IV   21 to 60 days    ___         Felony      _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) __NO__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0588040

*Penalty Sheet(s) attached                                                REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** JAIME BAUDELINO HURTADO

**Case No:** _____

MAGISTRATE JUDGE
SIMONTON

**Count #: 1**

Conspiracy to Commit Pell Grant and Wire Fraud

Title 18, United States Code, Section 371

**\* Max. Penalty:**   Five (5) years' imprisonment

**Counts #: 2 - 7**

Pell Grant Fraud

Title 20, United States Code, Section 1097(a)

**\* Max. Penalty:**   Five (5) years' imprisonment

**Counts #: 8 - 11**

Wire Fraud

Title 18, United States Code, Sections 1343 and 2

**\* Max. Penalty:**   Five (5) years' imprisonment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

02-20886-M-LENARD

**Defendant's Name:** MARIA ESTHER MENA

**Case No:** _____

MAGISTRATE JUDGE
SIMONTON

**Count #: 1**

Conspiracy to Commit Pell Grant and Wire Fraud

Title 18, United States Code, Section 371

**\* Max. Penalty:**       Five (5) years' imprisonment

**Counts #: 2 - 7**

Pell Grant Fraud

Title 20, United States Code, Section 1097(a)

**\* Max. Penalty:**       Five (5) years' imprisonment

**Counts #: 8 - 11**

Wire Fraud

Title 18, United States Code, Sections 1343 and 2

**\* Max. Penalty:**       Five (5) years' imprisonment

FILED BY
02 OCT 24 PM 2 53

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET   02-20886-CR-LENARD

Defendant's Name: HENRY ROBERT JEAN LEGER

Case No: _____

MAGISTRATE JUDGE
SIMONTON

Count #: 1

Conspiracy to Commit Pell Grant and Wire Fraud

Title 18, United States Code, Section 371

* Max. Penalty:   Five (5) years' imprisonment

Counts #: 2 - 7

Pell Grant Fraud

Title 20, United States Code, Section 1097(a)

* Max. Penalty:   Five (5) years' imprisonment

Counts #: 8 - 11

Wire Fraud

Title 18, United States Code, Sections 1343 and 2

* Max. Penalty:   Five (5) years' imprisonment